Baldwin, J.
delivered the opinion of the Court.

Wills’ adm’r v. Dunn's adm’r.

The Court is of opinion, that the decree of the County Court is erroneous, so far as it charges Lucy Wills personally, with the balance ascertained to be due from the estate of Thomas Dunn the elder to the estate of Lewis Dunn, without any account or admission shewing assets of the estate of the said Thomas Dunn the elder, in the hands of the said Lucy Wills, sufficient to discharge and satisfy said balance, or any part thereof; and therefore that there is no error in so much of the decree of the Chancellor as reverses and annuls that part of the decree of the County Court, and directs certain accounts to be taken before a commissioner.
And the Court is further of opinion, that the decree of the County Court is also erroneous, in ascertaining the balance of principal and interest due from the estate of Thomas Dunn the elder to Lewis Dunn, on the 31st of December 1801, to be 1250 dollars 78 cents, and in the interest given on 790 dollars 99 cents, the principal thereof, from the 31st of December 1801, till paid; inasmuch as the said sum of 1250 dollars 78 cents, embraces interest on principal money, at the rate of six per cent, instead of only five per cent., from the 31st of December 1797, to the 31st of December 1800; and inasmuch as the interest given on the said sum of 790 dol *412 lars 99 cents, as aforesaid, is at the rate of six per cent. instead of five per cent. only. The estate of Thomas Dunn the elder was not properly chargeable with a higher rate of interest than five per cent, on any of the Principa^ moneys which came to his hands, inasmuch as the whole of the debit against him accrued prior to the 1st of May 1797, when the act of 1796, changing the rate of interest, took effect. The impropriety of charging any interest at the rate of six per cent, appeared on the face of the commissioner’s report, which formed the basis of the decree, and could not have been repelled by any extrinsic evidence; and the County Court ought to have corrected the erroneous views of the commissioner on that subject.
And the Court is further of opinion, that the decree of the County Court is erroneous, to the prejudice of the appellees, in failing to allow interest at all against the estate of Thomas Dunn the elder, on the sum of 797 dollars 31 cents, from the 31st of December 1800, to the 31st of December 1801; in which respect it improperly disregarded the said report of the commissioner.
The Court is therefore of opinion, that the decree of the Chancellor is erroneous in affirming, instead of reversing, so much of the decree of the County Court as allows interest at the rate of six per cent, instead of five per cent., as above mentioned ; and also so much thereof as fails to allow interest at all from the 31st of December 1800, to the 31st of December 1801, as above mentioned.
And the Court is further of opinion, for reasons assigned in the written opinion of the Chancellor, that there is no error in his decree, except as above designated.
It is therefore decreed and ordered, that so much of the decree of the Chancery Court as is above declared to be erroneous, be reversed and annulled, with costs to the appellants; and that the residue of that decree be *413 affirmed; and the cause is remanded to the Chancery Court for the correction of the decree of the County Court, as above indicated, and for further proceedings according to the principles above declared.

Mason’s ex’or & als. v. Dunn’s adm’r.

It appears to the Court, that the equity asserted in the bill of the appellants was founded upon the supposed errors, to the prejudice of the estate of Thomas Dunn the elder, in the decree of the County Court of Sussex, in the proceedings mentioned ; and the relief sought by said bill was contingent upon the expected reversal of that decree for such errors, upon the appeal taken therefrom by the administrator of Lucy Wills, who was administratrix of the said Thomas Dunn the elder, and by the administrator de bonis non of the latter: And that now the result of the Chancellor’s decision upon said appeal, and of the decision of this .Court upon the appeal from his decree, is to affirm the decree of the County Court of Sussex, with the following exceptions, to wit: 1. So much of that decree is reversed as gave interest, against the estate of said Thomas Dunn the elder, at the rate of six per cent, instead of five per cent, only, subject to the correction of an error in regard to interest, favourable to that estate. 2. So much of that decree is also reversed, as charged Lucy Wills personally with the balance ascertained to be due from the estate of Thomas Dunn the elder to the estate of Lewis Dunn, without any account or admission shewing assets of the estate of the said Thomas Dunn the elder in the hands of the said Lucy Wills, sufficient to discharge and satisfy the said balance, or any part thereof. But these grounds of reversal give no support to the equity asserted by the bill of the appellants in this case; for, in regard to the first, the amount of the error, so far as prejudicial to them, was corrected in the *414 adjustment in the proceedings mentioned, of the judgment at law against the sureties in the administration bond; and in regard to the second, the sufficiency of the assets was determined by the said judgment, and is not denied in the bill of the appellants, which seeks relief only upon the ground of errors in the said decree °f the County Court of Sussex, to the prejudice of the estate of the said Thomas Dunn the elder.
It is therefore unnecessary for the Court to consider whether the appellants would have been entitled to relief against the said adjustment of the judgment upon the administration bond, if the decree of the said County Court had been reversed for errors other than those above specified.
The Court is therefore of opinion, that there is no error in the decree of the Chancery Court; and it is decreed and ordered that the same be affirmed, with (ppsts to the appellees.